UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                Plaintiff,

-against-

WENDYS CORPORATION; GREAT LAKES RESTAURANT MANAGEMENT, LLC; JULIE LOPEZ,

                Defendants.

1:19-CV-8157 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Robert W. Johnson, of the Bronx, New York, appears *pro se* and brings this action under the Court's federal question jurisdiction seeking damages and other relief. He sues the Wendys Corporation, Great Lakes Restaurant Management, LLC, and Julie Lopez. By order dated November 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

**BACKGROUND**

Plaintiff invokes the Court's federal question jurisdiction for this action. He alleges that the basis for federal question jurisdiction is: "discrimination, failure to pay [him] for labor, IRS tax violations, civil rights violations, Labor law violations, U.S. Constitutional violations, Corporation Employee violations, [and] Employer violations." (ECF 2, p. 1.) Plaintiff currently resides in the Bronx, New York. He alleges the following facts:

> Plaintiff was terminated from Wendys Corporation Restaurant on 1685 Grand
> Island Blvd.; Grand Island, NY 14072 with no reasons stated to Plaintiff and
> Plaintiff was immediately told to leave & ridiculed verbally by the Jane Doe Staff

2

> Manager. Plaintiff was discriminated against because of Plaintiff's age, race, gender & origin. Plaintiff was not given a fair hearing for his termination and no check was issued to Plaintiff for Plaintiff's labor.

(*Id.* at p. 2.)

Plaintiff seeks a total of $500,200,000,000,000 in damages and "100% ownership of Defendants['] Corporations." (*Id.* p. 3.)

## DISCUSSION

The Court construes Plaintiff's complaint asserting claims of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and 42 U.S.C. § 1981.[1] But Plaintiff's allegations are insufficient to state such a claim under any of those statutes.

To state an employment discrimination claim under Title VII or § 1981, "a plaintiff must plausibly allege that (1) the [defendants] took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision."[2] *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015); *Williams v. Classic Sec.*, No. 18-CV-1691, 2019 WL 4511953, at *4 (S.D.N.Y. Sept. 19, 2019) (using the *Vega* pleading standard for § 1981 employment discrimination claims). For an ADEA claim, however, a plaintiff must allege that his age was the but-for cause of the employer's adverse employment action. *See Vega*, 801 F.3d at 86. A plaintiff states an employment discrimination

---

[1] Although the events that are the basis for Plaintiff's claims allegedly took place on Grand Island, Erie County, New York, which is in the Western District of New York, *see* 28 U.S.C. § 112(d), Plaintiff resides in this judicial district and this Court is a proper venue for this action, *see* 28 U.S.C. § 1391(b)(1), (c)(2), (d); 42 U.S.C. § 2000e-5(f)(3).

[2] "The ADEA prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F. 3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). Section 1981 prohibits discrimination "on account of [a person's] race, ancestry, or ethnic characteristics." *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987).

claim under those statutes "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff fails to allege facts that suggest that the defendants took an adverse employment action against him because of his race, color, religion, sex, ancestry, ethnic characteristics, national origin, or age.[3] In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his complaint to allege sufficient facts to state a plausible claim of discrimination under Title VII, the ADEA, or § 1981.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[3] Plaintiff does not disclose his age.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated *his* federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-8157 (CM). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this order. as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 22, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge