UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

               Plaintiff,

-against-

WENDYS CORPORATION; JULIE LOPEZ;
GREAT LAKES MANAGEMENT, LLC,

               Defendants.

JAN 1 4 2020

1:19-CV-8157 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

Plaintiff, who appears *pro se*, brings this action asserting claims under both federal and state law. Plaintiff sues the Wendys Corporation, Julie Lopez, and Great Lakes Management, LLC. By order dated November 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on the defendants.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint on the defendants until the Court reviewed the amended complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants until 90 days after the date that the summonses for the defendants are

issued. If the amended complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses for the defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on the defendants.

Plaintiff must notify the Court if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court further directs the Clerk of Court to (1) issue summonses for Defendants Wendys Corporation, Julie Lopez, and Great Lakes Management, LLC, (2) complete a USM-285 form for each of those defendants, and (3) deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

SO ORDERED.

Dated: Jan 14, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Wendys Corporation
   One Dave Thomas Boulevard
   Dublin, Ohio 43017

2. Julie Lopez
   Great Lakes Management, LLC
   180 Canal View Boulevard, Suite 600
   Rochester, New York 14623

3. Great Lakes Management, LLC
   180 Canal View Boulevard, Suite 600
   Rochester, New York 14623