```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/25/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ROBERT W. JOHNSON,

                Plaintiff,

-against-

WENDY'S CORPORATION, GREAT LAKES
MANAGEMENT LLC, and JULIE LOPEZ,

                Defendants.

1:19-cv-8157-MKV

MEMORANDUM
OPINION AND ORDER

---------------------------------------------------------------

MARY KAY VYSKOCIL, United States District Judge:

*Pro se* Plaintiff Robert W. Johnson ("Plaintiff") brings this action against Defendants Wendy's Corporation ("Wendy's"), Great Lakes Management LLC ("Great Lakes"), and Julie Lopez ("Lopez") (collectively, "Defendants") asserting claims of employment discrimination under federal and state law. Defendants filed a motion to dismiss, submitting matters outside the pleadings for the Court's consideration. For the reasons discussed below, Defendants' motion to dismiss is converted into a motion for summary judgment and is GRANTED.

## **BACKGROUND**

Plaintiff commenced this action on August 30, 2019, by filing the Complaint and a request to proceed *in forma pauperis*. [ECF Nos. 1–2.] He alleged that he was terminated from his job at a Wendy's restaurant and discriminated against on the basis of age, race, gender, and national origin. [ECF No. 2 at 2.] The Court (McMahon, *C.J.*) granted Plaintiff's request to proceed *in forma pauperis* [ECF No. 3] and directed Plaintiff to file an amended complaint because the Complaint did not allege facts plausibly suggesting that Defendants took an adverse employment action motivated by discrimination against Plaintiff [ECF No. 4 at 4–5].

Plaintiff filed the Amended Complaint on December 6, 2019. [ECF No. 5.] Plaintiff alleges causes of action under the following: (1) Title VII of the Civil Rights Act of 1964 ("Title

1

VII"), 42 U.S.C. §§ 2000e to 2000e-17; (2) 42 U.S.C. § 1981; (3) Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634; (4) Rehabilitation Act of 1973, 29 U.S.C. §§ 701–796; (5) Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213; (6) New York State Human Right Law ("NYSHRL"), N.Y. Exec. Law §§ 290–297; (7) New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 to 131; (8) "United States Constitution, Civil Rights, Human & Global Rights." [ECF No. 5 at 3–4.] According to the Amended Complaint, Plaintiff is black and approximately thirty-six years old. [ECF No. 5 at 4.] He suffers from post-traumatic stress disorder and "permanent disabilities" that affect his "back, head, [and] neck." [ECF No. 5 at 4.] Plaintiff alleges that "Jane Doe Staff Manager blurted racial, sexual, discriminatively [sic] slurs at Plaintiff and terminated Plaintiff for no valid reasons and subsequently refusing [sic] to pay Plaintiff lost wages for that day of incident [sic]." [ECF No. 5 at 5.] He also alleges that Defendants created a hostile work environment and did not promote him or accommodate his disabilities. [ECF No. 5 at 5.] He claims that he filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on December 3, 2019, and has not received a Notice of Right to Sue. [ECF No. 5 at 6.] Plaintiff seeks "$500 Trillion Dollars for Punitive Damages; $200 Billion Dollars for Future Pain & Suffering; [and] 100% Ownership of Defendants Corporations." [ECF No. 5 at 6.]

On June 26, 2020, Defendants filed a motion to dismiss. [ECF No. 22.] In connection with the motion, Defendants submitted (1) a memorandum of law [ECF No. 22-4]; (2) the Affidavit of Wendi Charles, Great Lakes' Director of Human Resources [ECF No. 22-1], attached to which as an exhibit is Plaintiff's electronic personnel report and employee payroll history [ECF No. 22-2]; (3) the Affidavit of Laura Stratton, Sr. Specialist – Franchise Administration for

2

Wendy's [ECF No. 22-3]; and (4) a Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings, pursuant to Local Civil Rule 12.1 [ECF No. 22-5].

Plaintiff failed to file a timely opposition, and the Court twice extended the deadline for an opposition *sua sponte*. [ECF Nos. 23–24.] To date, Plaintiff has failed to file an opposition or otherwise respond to Defendants' motion.

## LEGAL STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations, internal quotation marks, and citations omitted).

A complaint filed by a *pro se* plaintiff "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (citation omitted); *see also Wilson v. Dalene*, 699 F. Supp. 2d 534, 554 (E.D.N.Y. 2010) (noting that courts are "required to afford [a *pro se* plaintiff] leniency, holding his complaint to 'less stringent standards than formal pleadings drafted by lawyers'" (citation omitted)). Nevertheless, the complaint must satisfy the *Twombly-Iqbal* plausibility standard. *See Costabile*

*v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80–81 (2d Cir. 2020).  Thus, "a *pro se* plaintiff must support his claims with 'specific and detailed factual allegations, not stated in wholly conclusory terms.'"  *Wightman–Cervantes v. ACLU*, No. 06 Civ. 4708, 2007 WL 1805483, at *1 (S.D.N.Y. June 25, 2007) (citation omitted).

In deciding a Rule 12(b)(6) motion, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted), as well as any document "upon which the complaint solely relies and which is integral to the complaint," *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (emphasis, alteration, and citations omitted).  "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'"  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citation omitted).

**B. Conversion of a Motion to Dismiss into a Motion for Summary Judgment**

Federal Rule of Civil Procedure 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  "A party is deemed to have notice that a motion may be converted into one for summary judgment if that party 'should reasonably have recognized the possibility' that such a conversion would occur."  *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004) (citation omitted).  Service of a Local Civil Rule 12.1 statement on a *pro se* plaintiff "has regularly been considered sufficient notice for purposes of Rule 12(d)."  *Cantey v. Mount Vernon City Sch. Dist.*, No. 16-CV-2669 (NSR), 2018 WL 3315574, at *4 (S.D.N.Y. July 5, 2018) (collecting cases); *see Hernandez*

4

*v. Coffey*, 582 F.3d 303, 308 n.2 (2d Cir. 2009); *see also Redman v. N.Y. State Dep't of Corr. Servs.*, 541 F. App'x 52, 53 (2d Cir. 2013) (summary order) (finding that "Defendants' Local Rule 12.1 statement put [the *pro se* Plaintiff] on notice that the motion might be converted into one for summary judgment").

### C. Rule 56 Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Process America, Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 133 (2d Cir. 2016) (citation omitted). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48.

The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It may satisfy this burden "in either of two ways: (1) by submitting evidence that negates an essential element of the non-moving party's claim, or (2) by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (citation omitted). If the moving party satisfies its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citation omitted). The opposing party "'must do more than simply show that there

is some metaphysical doubt as to the material facts' and 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (citations omitted).

When a motion for summary judgment is unopposed, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial" and "that the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citations omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied *even if no opposing evidentiary matter is presented*.'" *Id.* (citations omitted). The Court must also "determine whether the legal theory of the motion is sound." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014).

## ANALYSIS

As a preliminary matter, the Court elects to treat Defendants' motion to dismiss as a motion for summary judgment. Defendants submit matters outside the pleadings on which Plaintiff did not rely in preparing the Amended Complaint—the affidavits of Wendi Charlies and Laura Stratton and the accompanying exhibit of Plaintiff's electronic personnel report and employee payroll history. [ECF Nos. 22-1 to 22-3; *see* ECF No. 5.] Defendants' Local Civil Rule 12.1 statement put Plaintiff on notice that "the Court may treat this motion as a motion for summary judgment," included the text of Federal Rule of Civil Procedure 56, and warned that "THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits as required by Rule 56(c) and/or other documents." [ECF No. 22-5 at 2.] Accordingly, the Court may properly treat Defendants' motion to dismiss as a motion for summary judgment. *See Redman*, 541 F. App'x at 53; *Malaney v. Elal Israel Airlines*, 331 F. App'x 772, 774 (2d Cir. 2009) (summary order); *Holmes*

*v. Doe*, No. 14 cv 7818 (NSR), 2016 WL 319864, at *2–3 (S.D.N.Y. Jan. 25, 2016); *Ferguson v. Jones*, No. 10 Civ. 817(PGG), 2011 WL 4344434, at *2 (S.D.N.Y. Sept. 12, 2011).

Defendants argue that Plaintiff's claims are time-barred. [ECF No. 22-4 at 5–7.] Plaintiff does not allege the dates of his employment in the Amended Complaint. The Affidavit of Wendi Charles and the accompanying exhibit establish that Plaintiff was employed by Great Lakes, a Wendy's restaurant franchisee that operates several Wendy's restaurants, from August 10, 2012, to August 28, 2012. [ECF No. 22-1 ¶¶ 1, 6.] Plaintiff has not worked for Great Lakes since. Furthermore, under the franchise agreement with Wendy's, Great Lakes was "solely responsible for all employment decisions and functions, including, without limitation, those related to hiring [and] firing." [ECF No. 22-1 ¶ 2; ECF No. 22-3 ¶ 5.] According to the Affidavit of Laura Stratton, Wendy's did not control day-to-day operations or participate in the management of Great Lakes' restaurants. [ECF No. 22-3 ¶ 6.] Wendy's also never employed Plaintiff. [ECF No. 22-3 ¶ 7.]

Each of Plaintiff's claims has a limitations period of four years or less. Title VII, the ADEA, and the ADA require claimants to file a charge of discrimination or retaliation with the EEOC or other local employment discrimination agency within 300 days of the discriminatory or retaliatory act. *See* 42 U.S.C. § 2000e–5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA); 42 U.S.C. § 12117(a) (ADA); *Valtchev v. City of New York*, 400 F. App'x 586, 588 (2d Cir. 2010) (summary order). "These filing deadlines act as a statute of limitations, and failure to file a timely administrative charge acts as a bar to a federal action." *Lomako v. N.Y. Inst. of Tech.*, No. 09 Civ. 6066(HB), 2010 WL 1915041, at *4 (S.D.N.Y. May 12, 2010) (citation omitted); *see Stathatos v. Gala Res., LLC*, No. 06 Civ. 13138(RLC), 2010 WL 2024967, at *6 (S.D.N.Y. May 21, 2010) (citation omitted). The statute of limitations for claims under 42 U.S.C. § 1981 is either three or four years, depending on the nature of the claims. *See Jones v. R.R. Donnelley & Sons Co.*, 541

U.S. 369, 382 (2004); *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004); *Bedden-Hurley v. N.Y.C. Bd. of Educ.*, 385 F. Supp. 2d 274, 277–78 (S.D.N.Y. 2005); *see also Morales v. County of Suffolk*, 952 F. Supp. 2d 433, 436 (E.D.N.Y. 2013) ("The statute of limitations for claims brought pursuant to 42 U.S.C. § 1981 is also three years unless the claims arise out of a post-1990 Act of Congress such as the 1991 Amendments to § 1981 . . . in which case the statute of limitations is four years."). NYSHRL, NYCHRL, and Rehabilitation Act claims are subject to three-year statutes of limitations. *See* N.Y. C.P.L.R. § 214(2) (NYSHRL); N.Y.C. Admin. Code § 8–502(d) (NYCHRL); *Mohamed v. NYU*, No. 14 Civ. 8373 (GBD) (MHD), 2015 WL 5307391, at *3 (S.D.N.Y. Sept. 10, 2015) (NYSHRL and NYCHRL); *Maccharulo v. Gould*, 643 F. Supp. 2d 587, 592–93 (S.D.N.Y. 2009) (citations omitted) (Rehabilitation Act). The Court construes Plaintiff's alleged cause of action under the United States Constitution as a claim under 42 U.S.C. § 1983, which, in New York, is also subject to a three-year statute of limitations. *See Bonilla v. City of New York*, 20 CV 1704 (RJD)(LB), 2020 WL 6686531, at *1 (E.D.N.Y. Oct. 3, 2020); *Merola v. Lowe*, 20-CV-0491(JS)(SIL), 2020 WL 4350205, at *1 (E.D.N.Y. July 29, 2020) (collecting cases).

Plaintiff's claims are all time-barred. Plaintiff's employment with Great Lakes, from which his alleged causes of action arise, ended on August 28, 2012—seven years before he commenced this action. [*See* ECF No. 22-1 ¶ 6; ECF No. 22-2 at 2.] Plaintiff alleges that he filed a charge of discrimination with the EEOC on December 3, 2019—after he commenced this action and more than seven years after his employment ended. [ECF No. 5 at 6.] Accordingly, under the filing deadlines and statute of limitations periods outlined above, Plaintiff's claims are time-barred and must be dismissed. *See, e.g.*, *Shalhout v. CVS, Inc.*, No. 3:11cv552 (VLB), 2011 WL 5170299, at *2 (D. Conn. Oct. 31, 2011) ("Since Plaintiff did not timely file his discrimination complaint with

8

the EEOC, he failed to exhaust his administrative remedies and therefore the Court must dismiss his Title VII, ADA, and ADEA claims as timed-barred . . . ." (citations omitted)); *see also, e.g.*, *Doyle v. United Airlines, Inc.*, 914 F. Supp. 2d 325, 334 (E.D.N.Y. 2012) (deeming Rehabilitation Act claim filed outside three-year period time-barred); *Bermudez v. City of New York,* 783 F. Supp. 2d 560, 607–08 (S.D.N.Y. 2011) (holding that NYSHRL and NYCHRL claims were time-barred where allegations fell outside three-year statute of limitations period). While Plaintiff is *pro se*, "the special solicitude extended to *pro se* parties does not serve to expand statutory limitations periods." *Konteye v. N.Y.C. Dep't of Educ.*, 17-cv-2876 (GBD) (RWL), 2019 WL 4418647, at *12 (S.D.N.Y. Apr. 10, 2019) (citation omitted). The record before the Court suggests no exception to the statutes of limitations that could save Plaintiff's claims.

Even if Plaintiff's alleged causes of action were not time-barred, they would fail for other reasons. For instance, while the Amended Complaint does not specify which claims are asserted against which of the three Defendants, Plaintiff cannot assert claims under Title VII, the ADA, or the ADEA against Lopez. *See Darcy v. Lippman*, 356 F. App'x 434, 437 (2d Cir. 2009) ("[T]he ADA and ADEA, like Title VII, do not provide for actions against individual supervisors." (collecting sources)). Moreover, Plaintiff cannot assert an ADEA claim against any of the Defendants because he is under forty years old. *See* 29 U.S.C. § 631(a) (providing that the ADEA applies to individuals who are at least forty years of age); *Davis v. N.Y.C. Dep't of Corr.*, 17-CV-3863 (MKB), 2017 WL 5634123, at *7 (E.D.N.Y. Nov. 22, 2017) (finding that plaintiff failed to state ADEA claim because he was under forty years old at the time of the alleged unlawful conduct (citations omitted)).

Plaintiff also cannot state claims against Wendy's because Wendy's neither employed Plaintiff nor has control over Great Lakes' daily operations or employment decisions, so it cannot

9

be held liable for the acts of Great Lakes' employees. *See Hawkins v. Seamen's Soc. for Children*, No. 98 CIV. 4723 JSM AJP, 1998 WL 831032, at *1 (S.D.N.Y. Oct. 20, 1998) (dismissing Title VII claim because plaintiff did not allege an employment relationship in her complaint or provide an affidavit that she was ever employed by defendant); *Perry v. Burger King Corp.*, 924 F. Supp. 548, 553–54 (S.D.N.Y. 1996) (holding that franchisor could not be liable to plaintiff for alleged discrimination by franchisee's employees due to nature of franchisor and franchisee's relationship and franchisor's lack of control over franchisee's operations under franchise agreement); *see also Cha v. Hooters of America, LLC*, No. 12–CV–4523(DLI)(JMA), 2013 WL 5532745 (E.D.N.Y. Sept. 30, 2013) (holding that franchisor could not be directly or vicariously liable for violations of federal and state law arising from use of racial epithet at a franchisee's establishment).

In short, there are no genuine issues of material fact, and Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is converted into a motion for summary judgment and is GRANTED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, DENIES *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to terminate docket entry 22, mail a copy of this Order to the *pro se* Plaintiff, and close the case.

**SO ORDERED.**

**Date:  January 25, 2021**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**